# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-9410 FMO (DFMx) | Date | December 10, 2019 |
|---|---|---|---|

| Title | Neurotech Forty, Inc., et al. v. Biocybernaut Institute, Inc., et al. |
|---|---|

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Cheryl Wynn | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue**

On October 31, 2019, plaintiffs Neurotech Forty, Inc. ("Neurotech"), 40 Years, Inc. ("40 Years"), and Dave Asprey ("Asprey") (collectively, "plaintiffs"), filed a Complaint against Biocybernaut Institute, Inc. ("Biocybernaut"), Biocybernaut Institute of Arizona, LLC ("Biocybernaut Arizona"), and James Hardt ("Hardt") (collectively, "defendants"), asserting claims for federal trademark infringement, false designation of origin, false advertising, misappropriation of right of publicity, and unfair competition. (See Dkt. 1, Complaint at ¶¶ 35-82). Plaintiffs allege that the court has personal jurisdiction over defendants because "Defendants have continuous, systematic, and substantial presence within this Judicial District and within California" by "offer[ing] to sell their services offered in connection with the infringing marks to consumers in California" through its website. (See id. at ¶ 3). Plaintiff alleges that venue is proper "pursuant to 28 U.S.C. [§]§ 1391(b) and (c)." (Id. at ¶ 4).

Plaintiff Neurotech is a Canada corporation with its principal place of business in British Columbia, Canada. (Id. at ¶ 5). Plaintiff 40 Years is a Delaware corporation with its principal place of business in Kenmore, Washington. (Id. at ¶ 6). Plaintiff Asprey is an individual residing in British Columbia, Canada. (Id. at ¶ 7). Defendant Biocybernaut is a California corporation with its principal place of business in Arizona. (Id. at ¶ 8). Defendant Biocybernaut Arizona is a Arizona Limited Liability Company with its principal place of business in Arizona. (Id. at ¶ 9). Defendant Hardt is an individual residing in Arizona. (Id. at ¶ 10).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 127-128, 134 S.Ct. 746, 754-55 (2014). General jurisdiction applies when defendant's contacts with the forum state are "so continuous and systematic as to render [them] essentially at home in the forum State." Id. at 139, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-9410 FMO (DFMx)** | Date | **December 10, 2019** |
|---|---|---|---|

| Title | **Neurotech Forty, Inc., et al. v. Biocybernaut Institute, Inc., et al.** |
|---|---|

arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id., 134 S.Ct. at 1122.

Plaintiffs generally allege that defendants market, advertise, and sell "their services online in connection with the infringing marks through their website . . . which is available and accessible in California[,]" (Dkt. 1, Complaint at ¶ 3), but fail to adequately allege the connection between this District and the website's operations and sales, such that defendants Biocybernaut Arizona and Hardt are subject to personal jurisdiction. (See, generally, Dkt. 1, Complaint); see, e.g., Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction); Graco Minn. Inc. v. PF Brands, Inc., 2019 WL 1746580, *6 (S.D. Cal. 2019) (selling products on a website accessible or based in California does not necessarily show "Defendants engaged in conduct expressly aimed at California."). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District. (See, generally, Dkt. 1, Complaint).

Based on the foregoing, IT IS ORDERED that no later than **December 17, 2019**, plaintiffs shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue.** See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution").

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | cw | |